### CRIHIETELLI v. PERO et al.

#### (Supreme Court, Appellate Term. April 8, 1911.)

SALES (§ 359*)—DELIVERY—BURDEN OF PROOF—EVIDENCE.

In an action for goods sold and delivered, evidence *held* insufficient to support a judgment for plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1056; Dec. Dig. § 359.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Giovanni Crihietelli against Jenero Pero and another. From a judgment for plaintiff, defendants appeal. Reversed, and new trial ordered.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Robert Stewart, for appellants.
Aaron Morris, for respondent.

PER CURIAM. The defendants maintained a restaurant at 190 Mulberry street, and the plaintiff claims that the goods were sold and delivered there during a period about five years ago. The bill of particulars of the plaintiff shows that the sales were made on specific dates between March 24 and April 18, 1906. At that time it appears undisputed that the defendants had sold their restaurant in Mulberry street and moved to Coney Island. The case came to trial upon the issues as limited by the original bill of particulars, but before its conclusion the trial was adjourned at the plaintiff's request.

Apparently either at that time or shortly thereafter the plaintiff learned the date of the defendants' removal to Coney Island and realized that he could not possibly recover upon proof of sales at the dates alleged in the bill of particulars. He thereupon moved to amend the bill of particulars to allege sales in the "year 1906" and on no specific dates, and claimed at the trial that he sold the goods in January and the first part of February. The defendants met the testimony of plaintiff by testimony showing that they paid their account in full in February, and the assignee of the restaurant testified that sales thereafter were made to him personally.

Apparently the change in the plaintiff's position was made to meet the exigencies of the case, and his testimony must on this account be regarded with suspicion. The explanation of plaintiff that he took the dates from some unidentified and unproduced book, and then found he had made a mistake, is so unsatisfactory that it increases, instead of allays, the suspicion.

It cannot be said that plaintiff sustained the burden of proof by the exceedingly unsatisfactory testimony offered in his behalf, particu-

---

larly as his testimony in many other material matters is equally vague and unsatisfactory.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event.